UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In re:                                                      :
                                                            :
HEATH GLOBAL, INC.,                                         :
                                                            :        No. 12 Civ. 8966 (RA)
                                     Debtor.                :
                                                            :        OPINION AND ORDER
------------------------------------------------------------X
                                                            :
HEATH GLOBAL, INC.,                                         :
                                                            :
                                     Appellant,             :
                                                            :
            -v-                                             :
                                                            :
JIM MAGNER,                                                 :
                                                            :
                                     Appellee.              :
                                                            :
------------------------------------------------------------X

RONNIE ABRAMS, United States District Judge:

This case concerns the rights to the "Invest.com" domain name. The questions before the Court are (1) whether an agreement to sell that domain name was terminated before the buyer filed for bankruptcy protection and, if not, (2) whether the buyer has retained any rights under that agreement. The Bankruptcy Court answered both questions in the negative.

This Court agrees with the Bankruptcy Court's conclusion that the agreement was not terminated pre-petition. It respectfully disagrees, however, with the Bankruptcy Court's conclusion that the buyer no longer has rights under the agreement. Accordingly, the judgment of the Bankruptcy Court is vacated and this case is remanded for further proceedings consistent with this opinion.

## BACKGROUND[1]

*The Sale Agreement*

In March 2011, Heath Global, Inc. (the "Debtor") and Jim Magner entered into a Sale Agreement pursuant to which Magner agreed to sell to Debtor the "Invest.com" domain name. (D-13 at 26-34.) Section 4 of the Sale Agreement set forth the parties' agreed-upon payment schedule as follows:

> 4. Consideration. As consideration for purchase of the Domain Name, Buyer will be obligated to deliver or cause to be delivered to Seller: (a) a $25,000 payment on assignment of Domain Name to [the designated escrow agent]; (b) a $225,000 payment on or before October 1, 2011; (c) a $750,000 payment on or before February 1, 2012; and (d) a $1,000,000 payment on or before February 1, 2013.

(Id. 27.) The parties therefore agreed that Debtor would pay a total price of $2,000,000 over a two-year period in exchange for the domain name.

In the event Debtor failed to make timely payments under section 4, section 6(b) of the Sale Agreement afforded Magner a "Seller Special Remedy," providing that:

> Notwithstanding anything in this Sale Agreement or any remedy available to Seller by law, in the event Buyer fails to make a payment due to the Seller under Section 4, subject to the provisions of Section 5,[2] Seller's remedy for any such breach shall be entitled to [sic], upon 7 days written notice to [the designated escrow agent] and to the Buyer, in accordance with the provisions of the Escrow Agreement, (i) immediately terminate this Agreement on written notice to the Buyer, (ii) the return of the Domain Name and revocation of any licenses, assignments, rights or authorisations granted herein or in the Escrow Agreement, and (iii) to retain any amounts already paid to the Seller by the Buyer pursuant to this Agreemenet [sic] and the Escrow Agreement[.]

(Id. 29) (underlining in original).

---

[1] The following facts are taken from the parties' briefs and the record on appeal.

[2] Although not relevant to this dispute, section 5 of the Sale Agreement permitted Debtor to make the payments required by sections 4(c) and (d) subsequent to the due dates listed in those subsections, subject to certain conditions. (D-13 at 27-28.)

Section 8(r) also addresses Magner's right to terminate in the event of Debtor's failure to make timely payments under section 4. That provision states, in full:

> This Sale Agreement shall terminate upon the completion of payments as set forth in <u>Section 4</u> above. This Sale Agreement may be terminated early (i) immediately by Seller via written notice upon Buyer's failure to make a payment as set forth in Section 4 above, subject to Section 5 above.

(<u>Id.</u> 33) (underlining in original).

***The Escrow Agreement***

Also in March 2011, the parties executed the Escrow Agreement referred to in section 6(b) of the Sale Agreement. (<u>Id.</u> 38-42; Appellant's Opening Br. 5.) Pursuant to the Escrow Agreement, Magner assigned the domain name to the designated escrow agent, which was also charged with receiving Debtor's payments and disbursing them to Magner. (D-13 at 38-39.) Section 5 of the Escrow Agreement states:

> 5.   <u>Delivery of Escrow Items by Escrow Agent</u>.   Escrow Agent agrees to deliver the Escrow Items as follows:
>
> a.   <u>To Purchaser.</u> At the time Purchaser has made all payments due under the Payment Schedule, the Escrow Agent shall deliver the Escrow Items to Purchaser within five (5) business days.
>
> b.   <u>To Seller.</u> If Purchaser fails to make a payment due under the Payment Schedule, Seller may declare a default by sending Purchaser a notice of default. Such notice of default shall also be sent in writing to the Escrow Agent. If the Purchaser fails to cure the default within five (5) business days following such notice, Seller shall have the right to notify the Escrow Agent (with a copy to Purchaser) of such failure and demand delivery of the Escrow Items. Escrow Agent shall deliver the Escrow Items to Seller within five (5) business days after receiving such written demand.

(<u>Id.</u> 40.)

Sections 6(b) and 8(r) of the Sale Agreement, as well as section 5(b) of the Escrow Agreement, therefore each address Magner's right to terminate the parties' transaction in the

event of Debtor's default, and each describe a method by which he could do so.

***Pre-Petition Events***

Debtor timely paid the first installment under section 4(a) of the Sale Agreement, due upon Magner's assignment of the domain name to the escrow agent. (D-9 ¶ 10.) As the October 1, 2011 due date for the second installment approached, however, Debtor advised that it would have to withdraw from the sale unless Magner permitted it to make a lower payment than the $225,000 contemplated in section 4(b). (Id. ¶ 11; D-12 at 26, ¶ 5.) Magner agreed, subject to a charge of interest on the balance of the second installment, which Debtor would be required to pay on February 1, 2012 in addition to the $750,000 third installment due on that date pursuant to section 4(c). (D-12 at 47-48.)

Debtor failed to bring its payments current on February 1, 2012, and failed to pay the third installment as well. (Id. 26, ¶ 7.) The next day, Magner's counsel sent a letter ("February 2 Letter") to Debtor, copying the escrow agent, the body of which states in full:

> We refer to the Domain Sale Agreement (the "Agreement") between yourselves and our client dated circa May 2011 [sic].
>
> With reference to Section 4 of the Agreement titled "*Consideration*", we are instructed that you have, in breach of the Agreement, failed to make payment on 1st February 2012 of the amount due pursuant to Section 4C of the Agreement.
>
> In accordance with Section 6B of the Agreement you are hereby on notice that you are in breach of Section 4 and that our client has instructed us to invoke the "*The Seller Special Remedy*" as defined in the Agreement.
>
> Accordingly, we have been fully authorised and instructed to hereby notify you that our client is:
>
> 1. Immediately terminating the Agreement;
>
> 2. Seeking the return of the domain name and revocation of any licence, assignment, rights or authorisations granted herein or in the Escrow Agreement[;]
>
> 3. Retaining amounts already paid by you to them pursuant to the Agreement.